IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STATIC CONTROL )
COMPONENTS, INC., and )
INNOVATIVE CARTRIDGE )
TECHNOLOGIES, INC., )
 )
        Plaintiffs, )
 )
v. ) 1:08CV109
 )
FUTURE GRAPHICS, LLC, )
 )
        Defendant. )

**DISCOVERY ORDER**

This matter came before the Court on March 31, 2009, for oral argument on pending discovery motions. (Docket Nos. 40 and 44.) Having heard and considered the argument of counsel, and for reasons announced in open court, **IT IS HEREBY ORDERED**:

    1.    The Court finds that Defendant Future Graphics failed to provide discovery responses within the time permitted by the Federal Rules, and that such substantial delay has been prejudicial to Plaintiff Static Control in pretrial preparation. Future Graphics has shown no justification for the delay. Accordingly, pursuant to Rule 37(a)(5)(A) the Court will award to Plaintiff a portion of its costs, including attorney's fees, with regard to the motion to compel (Docket No. 44). The Court finds that 25% of the motion to compel (and oral argument) was related to the issue of delay; accordingly the Court **IMPOSES AS A**

**SANCTION** against Defendant 25% of Plaintiff's costs with regard to the motion and the oral argument. The Court has no competent factual basis for allocating between defense counsel and Defendant the responsibility for delay; accordingly, the costs are imposed against defense counsel and Defendant jointly and severally. Within 10 days of this Order, Plaintiff shall show costs by affidavit of counsel, and Defendant may respond within 10 days thereafter as to reasonableness.

Further, the delay occasioned in this matter causes the Court to address the scheduling order in this case. The Court will extend certain deadlines. The Court is advised that the parties have agreed to an amended Rule 26(f) order, and the Court will await the parties' joint motion to amend the scheduling order.

2. The Court finds that Defendant's Rule 34 responses are not inadequate or improper for failing to affirmatively state that there exist no responsive documents. However, now that Defendant has fully responded to Plaintiff's first document requests and completed its production, the extent of the production has consequences. Except as to documents now withheld on the basis of privilege, Defendant is hereafter **PROHIBITED**, except upon a showing of good cause, from using in this litigation any document not produced, as of the date of this Order, so long as that document was responsive to Plaintiff's document requests.

3. The Court finds that Defendant has been slow in producing a privilege log, but also finds that counsel for both parties communicated concerning the progress of the log.

The Court does not find prejudice to Plaintiff in view of the fact that the now-extended discovery period will provide ample time for Plaintiff to review and challenge any privilege claims that appear in Defendant's log.  The Court does not find a waiver of privilege under all the circumstances before it.  The parties shall discuss the need for any deadline on Defendant's decision to rely upon a defense of advice of counsel, and **SHALL FILE NOTICE** with the Court, within 20 days of this Order, of any need for further Court attention to this matter.

4. The Court finds that Defendant's production of emails in this case is inadequate to fully comply with the dictates of Rule 34(b)(2)(E)(i).  In order to comply with the Rule, as the Court finds it to apply in this case, Defendant **SHALL PROVIDE** to Plaintiff an index of the emails produced, revealing the custodian, location, and a general description of the filing system under which each document was maintained in the ordinary course of Defendant's business.  *See Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331 (N.D.N.Y. 2008).  Defendant (and Plaintiff with regard to its electronic discovery) shall identify "search terms" used in searching for electronic documents.

5. The Court finds that the form of verification used by Defendant in certain written discovery responses is improper.  Defendant agreed in open court to substitute verifications using language identical to that used by Plaintiff in discovery responses.  Defendant **SHALL PROVIDE** the substitute verifications within 20 days of this Order.

6. The Court finds that the documents marked by Defendant as "Highly Confidential – Attorney's Eyes Only" are, in fact, pricing and other confidential documents that are entitled to a high level of protection in this case under Rule 26(c). At the same time, Plaintiff has a great litigation need to assist counsel in the prosecution of this case in an informed and meaningful way. The fact that Defendant has designated over 99% of its 35,000-plus produced documents as "Attorney's Eyes Only," causes the Court to question whether Plaintiff has a fair litigation opportunity in the absence of Court action under § 7.3 of the Stipulated Protective Order. The Court does not find bad faith by Defendant, but it could not have been within the contemplation of the parties when they signed the consent protective order that virtually the whole of one party's discovery would be swallowed up by the "Attorney's Eyes Only" designation. Accordingly, the Court finds that the documents in question cannot be held strictly for "Attorney's Eyes Only," as that term appears in the Stipulated Protective Order, but must also be available to at least one representative of Plaintiff, as well as expert witnesses and other persons identified in § 7.3 of the Stipulated Protective Order. The Court further finds that William L. London is a suitable representative for Plaintiff, the Court finding, on the basis of ¶¶ 12, 21, and 22 of his affidavit, that he is not involved in "competitive decision making" with regard to pricing issues, the core material in Defendant's discovery. *See Carpenter Tech. Corp. v. Armco, Inc.*, 132 F.R.D. 24 (E.D.Pa. 1990). The Court considers that a similar designation of a representative for Defendant may

be appropriate as to documents marked by Plaintiff as "Highly Confidential – Attorney's Eyes Only," if Plaintiff substantially invokes that extreme level of confidentiality.


United States Magistrate Judge

Date: April 1, 2009